## CACCIAGIANO'S CASE.

## Cumberland.   Opinion September 24, 1925.

*The findings by the Chairman of the Industrial Accident Commission on questions of fact are final if there is in the case some evidence from which a reasonable man may draw proper inferences upon the question of fact as to what the petitioner's earning capacity may be.*

On appeal.   A compensation case where compensation was awarded for partial incapacity, and from an affirming decree an appeal was taken alleging that some of the findings of the Chairman of the Industrial Accident Commission were not supported by evidence.   Appeal dismissed.   Decree below affirmed.

The case appears in the opinion.

*Bradley, Linnell & Jones,* for petitioner.

*Clement F. Robinson and Forrest E. Richardson,* for respondents.

SITTING:  WILSON, C. J., PHILBROOK, DUNN, SPEAR, BARNES, JJ.

PHILBROOK, J.   This is an appeal from a decree based on a finding of the Chairman of the Industrial Accident Commission which ordered the employer to pay to the petitioner certain compensation because of an accidental injury sustained by the petitioner and arising out of and in the course of the employment.

The record shows that the employer agreed that the petitioner did receive a personal injury by accident on November 18, 1922, while working for the defendant, and that as a result of the injury he lost his index finger and the terminal phalanx of the middle finger of the right hand; that an agreement as to the payment of compensation was entered into and approved by the Commissioner of Labor on January 3, 1923, by the terms of which he was to be paid compensation in the sum of sixteen dollars per week during disability and that compensation was paid the petitioner for forty-two and one half weeks because of the loss of the index finger and part of the middle finger of the right hand.

The present petition filed with the Industrial Accident Commission on September 16, 1924, prays for further compensation following the period of forty-two and one half weeks, for partial incapacity to work because of his injury, and alleges permanent impairment to the usefulness of two fingers of the right hand.

The Chairman of the Commission, basing his findings upon evidence submitted, held;

1. That the petitioner is partially incapacitated for labor because of the injury received by him as described in his petition;

2. That at the time of the accident to the petitioner he was earning a weekly wage of forty-three dollars and twenty cents, working six days a week;

3. That the petitioner, at the time of the hearing, had a weekly earning capacity estimated to be twenty-one dollars and sixty cents per week;

4. That the reduction in the earning capacity of the petitioner was wholly due to the injury received by him while in the employ of the defendant, as set forth in the petition.

5. That the petitioner was therefore entitled to compensation for partial incapacity to work according to the provisions of section fifteen of the Workman's Compensation Act.

It was therefore ordered and decreed that the defendant pay to the petitioner, as compensation for partial incapacity to work, the sum of fourteen dollars and forty cents per week, commencing from the date of the last payment of compensation to the petitioner.

In the argument of the case the defendant now says that his point of reliance is that on the record some of the findings have no evidence to support them. He finally reduces his contention and reliance to the sole proposition that there is no record evidence to substantiate the finding that at the time of the hearing the petitioner had a weekly earning capacity of twenty-one dollars and sixty cents per week. Upon this single hook he hangs his demand that the order and decree of the Chairman of the Commission be reversed.

The mute, optical testimony of a permanent injury to the right hand of a laboring man, and the story of what he had tried to do in the way of labor since the accident, together with what he had earned during that time, were all before the Chairman at the time of the hearing. In his determination of this question of fact he was

permitted to draw such inferences from the evidence and all the circumstances as a reasonable man would draw.    *Adams Case,* 124 Maine, 295.

The appeal must be dismissed and the decree below affirmed.

*So ordered.*